IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

- - -

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 11-576-1 |
| | : | |
| v. | : | Philadelphia, Pennsylvania |
| | : | July 10, 2012 |
| THOMAS ALFRED LEES | : | 11:00 o'clock a.m. |

. . . . . . . . . . . . . . . .

CHANGE OF PLEA HEARING
BEFORE THE HONORABLE TIMOTHY R. RICE
UNITED STATES MAGISTRATE JUDGE

- - -

APPEARANCES:

For the Government:     MEREDITH TAYLOR, ESQUIRE
                        U.S. Attorney's Office
                        615 Chestnut Street, Suite 1250
                        Philadelphia, PA   19106

For the Defendant:      MICHAEL J. McGOVERN, ESQUIRE
                        McElroy Deutsch Mulvaney Carpenter
                        1617 John F. Kennedy Boulevard
                        Suite 1500
                        Philadelphia, PA   19103

- - -

Audio Operator:     Christina Franzese

Transcribed by:     Tracey J. Williams, CET

(Proceedings recorded by For the Record Gold digital sound
recording; transcript produced by AAERT-certified
transcriber.)

- - -

Laws Transcription Service
48 W. LaCrosse Avenue
Lansdowne, PA 19050
(610)623-4178

1    (The following occurred in open court at 11:00

2  o'clock a.m.:)

3        THE COURT:  Mr. McGovern, how are you?

4        MR. McGOVERN:  Judge Rice, nice to see you, sir.

5        THE COURT:  Good to see you again.  Please be

6  seated.

7        MR. McGOVERN:  Can I have my client approach, your

8  Honor?

9        THE COURT:  Oh, of course, of course.

10        Mr. Lees, how are you?

11        THE DEFENDANT:  Fine.  And yourself?

12        THE COURT:  Good.  You can have a seat, sir.

13        THE DEFENDANT:  Thank you, Judge.

14        THE COURT:  Ms. Taylor, good morning.

15        MS. TAYLOR:  Good morning, your Honor.

16        MR. McGOVERN:  Your Honor, I -- I just want to be

17  clear, I had been in conversations with Ashley Lunkenheimer

18  and also your staff -- Ms. Chavela?

19        THE DEPUTY CLERK:  Yes.

20        MR. McGOVERN:  Hi, nice to meet you in person.

21        THE COURT:  Ms. Settles, yes.

22        MR. McGOVERN:  It was our intention, your Honor, was

23  to enter the change of plea and we intended to file a motion

24  to proceed under Section 3607 on the special probation.

25        THE COURT:  Mm-hmm.

1    MR. McGOVERN:  And I was not available for tomorrow,

2    which I was trying to coordinate a date when I would be

3    available.  So I just wanted to alert the Court to --

4    THE COURT:  Yeah, here's -- I talked to the

5    Government today, here's what they're going to do.  They're

6    going to present testimony tomorrow, general -- the general

7    situation at Boeing.  And then at the sentencing for the

8    defendants who are not there they're going to present

9    testimony unique to that defendant before the sentencing,

10   because apparently everybody couldn't come, but they don't

11   want to have to present all these people from Boeing to

12   testify of what goes on at the facility for every sentencing.

13   So that's the only thing I think with respect to Mr. Lees is

14   going to happen tomorrow.

15   MR. McGOVERN:  Okay.

16   THE COURT:  So I don't know if you can get somebody

17   to attend or get somebody to --

18   MR. McGOVERN:  Well, I'm the only one in my firm

19   that practices criminal law.

20   THE COURT:  That's a problem.

21   MR. McGOVERN:  Yeah, I wish there were more.

22   THE COURT:  Well, you can review the transcript --

23   MR. McGOVERN:  Okay.

24   THE COURT:  -- I guess, and then if there's an issue

25   that you want to contest, we can deal with that at

1    sentencing, you can let Ms. Lunkenheimer know.

2          MR. McGOVERN:  It would be unlikely, but I

3    appreciate that opportunity, Judge.

4          THE COURT:  Sure, sure.  No, I don't want anything

5    to happen that would jeopardize your client's position.

6          MR. McGOVERN:  Thank you, your Honor.

7          THE COURT:  All right, very well.

8          MR. McGOVERN:  May I be seated, Judge?

9          THE COURT:  Oh, yeah, of course --

10         MR. McGOVERN:  Thank you.

11         THE COURT:  -- of course.  Our court reporter is

12   Christina.  Could you swear Mr. Lees, please?

13         THE AUDIO OPERATOR:  Please remain standing and

14   raise your right hand.

15         THOMAS ALFRED LEES, Sworn.

16         THE AUDIO OPERATOR:  Thank you.  You may be seated.

17         THE DEFENDANT:  Thanks.

18         THE COURT:  All right, Mr. Lees, you're now under

19   oath, any answer you give has to be truthful or it could be

20   used against you in a prosecution for a perjury or making a

21   false statement.  All right?

22         I know you're probably a little nervous today, so

23   let me explain to you what's going to happen.  I'm just going

24   to ask you a bunch of questions to determine if you

25   understand what you're doing today, you understand the nature

```
 1    of the proceeding and the rights you're giving up and the
 2    consequences of that.  All right?  So some of the questions
 3    might seem a little strange to you, but I have to determine,
 4    A, that you're competent, and I have to determine also that
 5    you understand the constitutional rights that you're giving
 6    up and what impact it will have on your life.  Okay?
 7              THE DEFENDANT:  Yes.
 8              THE COURT:  All right.  So all you have to do is
 9    listen carefully.  If you don't understand something, you can
10    ask to speak to Mr. McGovern, he's a very experienced lawyer,
11    and I'll give you time to do that.  And if you need me to
12    repeat something or if I'm not clear, just say, you know, I
13    didn't understand that, could you say it again.
14              THE DEFENDANT:  All right.
15              THE COURT:  So nobody is here to rush you into
16    anything and I just want to make sure you have enough time to
17    think about it.
18              THE DEFENDANT:  Okay, thank you.
19              THE COURT:  Okay?
20              THE DEFENDANT:  Mm-hmm.
21              THE COURT:  All right.  Could you just give me your
22    full name and your age?
23              THE DEFENDANT:  Thomas Alfred Lees, Jr. --
24              THE COURT:  Okay.
25              THE DEFENDANT:  -- 52 years old.
```

1      THE COURT:  All right.  And can you read, write and

2 speak English?

3      THE DEFENDANT:  Yes.

4      THE COURT:  And how far did you go in school?

5      THE DEFENDANT:  12 years in the high school and now

6 I'm close to getting a BA in night school.

7      THE COURT:  Oh, good, congratulations.

8      THE DEFENDANT:  Thank you.

9      THE COURT:  Where are you going?

10      THE DEFENDANT:  Penn State, Delaware County campus.

11      THE COURT:  Excellent, excellent.

12      Now, I know there's been some issues with drug

13 abuse, but could you talk to me about whether you've ever

14 been treated for drug, alcohol abuse, or any mental illness?

15      THE DEFENDANT:  What was the last statement, Judge?

16      THE COURT:  Mental illness.

17      THE DEFENDANT:  No, sir.

18      THE COURT:  Okay.  How about drug or alcohol abuse?

19      THE DEFENDANT:  No.

20      THE COURT:  No treatment?

21      THE DEFENDANT:  Nope.

22      THE COURT:  Okay.  Have you ingested any drugs or

23 alcohol within the last few days?

24      THE DEFENDANT:  No, sir.

25      THE COURT:  Okay.

1            THE DEFENDANT:  Oh, I might have had a beer.

2            THE COURT:  All right.

3            THE DEFENDANT:  Yes, sir.

4            THE COURT:  Okay.  But that doesn't -- you didn't

5     have any today?

6            THE DEFENDANT:  No.

7            THE COURT:  How about last night?

8            THE DEFENDANT:  Last night, yesterday afternoon for

9     dinner, one beer.

10           THE COURT:  Okay.

11           THE DEFENDANT:  Yes, sir.

12           THE COURT:  Excellent.  But, generally, are you

13    feeling all right today?

14           THE DEFENDANT:  I sure am.

15           THE COURT:  Okay.  And can you hear and understand

16    me okay?

17           THE DEFENDANT:  Perfect.

18           THE COURT:  All right.  Now, has Mr. McGovern gone

19    over the charges against you and fully explained your trial

20    rights and any defenses you had to those?

21           THE DEFENDANT:  Yes, he has.

22           THE COURT:  Now, I know you haven't signed a plea

23    agreement, so you're just pleading guilty and there's been no

24    promises with the Government, is that correct?

25           THE DEFENDANT:  Yes.

1          THE COURT:  All right.  Do you feel as though you've

2    had enough time with Mr. McGovern to talk over your decision

3    to plead guilty?

4          THE DEFENDANT:  Yes.

5          THE COURT:  And so far has he done everything that

6    you wanted him to do on your case?

7          THE DEFENDANT:  Yes.

8          THE COURT:  All right.  Now, other than what we

9    discussed here today about your agreement to plead guilty,

10   has anybody made any promises to you about -- to get you to

11   plead guilty?  Anybody try to induce you or promise you

12   things to get you to plead?

13         THE DEFENDANT:  No.

14         THE COURT:  Okay.

15         MR. McGOVERN:  Your Honor, for the record, I have

16   explained our intention -- my intention to file a motion for

17   the Court to seek approval of special probation under Title

18   18 Section 3607 with regard to his case.

19         THE COURT:  Okay.

20         MR. McGOVERN:  And I also advised him that it was my

21   understanding the Government was going to oppose that motion,

22   but that would be a decision for the Court to make, and I

23   explained to him the strategy behind pursuing that

24   application.

25         THE COURT:  Okay, very good.  Do you understand

1   that, sir?

2         THE DEFENDANT: Yes.

3         THE COURT: All right. So you -- no one can

4   guarantee you how I'm going to rule on that, because I

5   haven't even read all the papers yet or heard the evidence.

6   So, if you're pleading guilty because you think you're

7   getting prejudgment probation, nobody can make you that

8   promise.

9         THE DEFENDANT: Right, I understand that.

10        THE COURT: So there's a chance that it might be

11   granted, there's a chance it might be denied, but neither Mr.

12   McGovern, Ms. Taylor nor myself can give you any idea of what

13   that decision is going to be.

14        THE DEFENDANT: At this time, right.

15        THE COURT: At this time, correct.

16        THE DEFENDANT: Yep.

17        THE COURT: Do you understand that no one can

18   guarantee you what sentence you're going to receive from me?

19        THE DEFENDANT: Yes.

20        THE COURT: Okay. And did anyone use force,

21   violence or threats to get you to plead guilty?

22        THE DEFENDANT: No.

23        THE COURT: Are you pleading guilty because of your

24   own free will?

25        THE DEFENDANT: Yes.

1            THE COURT:  All right.  Did anyone tell you what to

2    say today or put words in your mouth?

3            THE DEFENDANT:  No.

4            THE COURT:  All right.  Do you understand that by

5    pleading guilty today you're going to be adjudged guilty and

6    you could be relinquishing, you know, potential civil rights

7    such as the right to vote or things of that nature, do you

8    understand that?

9            THE DEFENDANT:  Uh, would that be upon conviction or

10   even if --

11           THE COURT:  Upon conviction.  And I'm not even sure

12   it would apply to a misdemeanor, but I just wanted to make

13   you aware that it's a possibility.

14           THE DEFENDANT:  I guess so, right?  Yes --

15           MR. McGOVERN:  Yes, sir.

16           THE DEFENDANT:  -- yes, sir.

17           THE COURT:  Now, let me ask you something else also.

18   I don't know what effect, if any, a guilty plea will have on

19   your ability to get your job back at Boeing.  Now, have you

20   contemplated that?  Do you understand that there's a

21   possibility that, by being found guilty of this offense, it

22   could impact whether they rehire you?

23           THE DEFENDANT:  Sure, I understand.

24           THE COURT:  And I don't know that one way or the

25   other, but I just want you to be aware that that's a

1  possibility.

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Okay.  All right.  Have you ever been on

4  any supervision or probation or pretrial release before?

5          THE DEFENDANT:  No.

6          THE COURT:  Okay.  And my understanding, Ms. Taylor,

7  the maximum penalties that Mr. Lees faces...

8          MS. TAYLOR:  It's a maximum of one year in prison, a

9  maximum of one year of supervised release, a $1,000 fine and

10  a $100 special assessment.

11          THE COURT:  Okay.  So that's the maximum of what you

12  could receive if you plead guilty; I'm not saying that's what

13  you'll get, but that's as -- I couldn't sentence you to any

14  more than that.

15          THE DEFENDANT:  Yes.

16          THE COURT:  Do you understand that?

17          THE DEFENDANT:  I do.

18          THE COURT:  Okay.  Do you understand that your

19  offense is covered by something called the Sentencing

20  Guidelines and I'm required to consider those Guidelines in

21  imposing sentence, but I could depart from those, either go

22  higher than the Guidelines if the Government asked me or

23  lower than the Guidelines if you asked me; do you understand

24  that?

25          THE DEFENDANT:  Yes.

1          THE COURT:  I don't know what the Guidelines are

2    going to be in your case --

3          THE DEFENDANT:  Well, she --

4          MR. McGOVERN:  Your Honor --

5          THE DEFENDANT:  Sorry.

6          MR. McGOVERN:  -- I think they're -- preliminarily,

7    I think they're in -- the zero-to-six-month range is the

8    Guideline.

9          THE COURT:  Okay, that's -- that's I think what the

10   lawyers believe them to be, but we won't know for sure until

11   after the Probation Officer prepares what's called a

12   presentence report and does all the calculations, and then

13   you and Ms. Taylor will both have a chance to object or raise

14   issues with those calculations.  Okay?

15         THE DEFENDANT:  Yes.

16         THE COURT:  Do you understand that if you disagree

17   with the report from the Probation Office your guilty plea is

18   still binding on you?  So let's say, for example, that the

19   Probation Officer says the Guidelines are higher than zero to

20   six months in prison, you can't then say I'm rescinding my

21   guilty plea, I want to go to trial.

22         THE DEFENDANT:  Right, gotcha.

23         THE COURT:  Okay?

24         THE DEFENDANT:  Yes.

25         THE COURT:  All right.  Now, you can contest things,

1    you can file objections and we will have a hearing in court.

2    Mr. McGovern is very experienced in this area and he can make

3    objections, but I'll have to rule on those objections and you

4    can't change your mind about pleading guilty simply because

5    you don't like the rulings I make.

6              THE DEFENDANT:  Yes, I follow that.

7              THE COURT:  Okay.

8              THE DEFENDANT:  Thank you.

9              THE COURT:  Do you understand that your attorney and

10   the Government can agree on the facts, you may file

11   stipulations or make recommendations, but that I'm not bound

12   by what they say?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Okay.  And that your plea is still

15   binding on you whether I agree or not with the facts that

16   they believe I should find?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  Okay.  Do you understand that if you're

19   sentenced to a term of imprisonment, there's no more parole

20   and you would have to serve the entire term of imprisonment?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Okay.  Do you understand that you can

23   appeal your sentence to a higher court, which can modify or

24   set aside the sentence or order me to resentence you, and the

25   Government could also appeal?

1          THE DEFENDANT:  Yes.

2          THE COURT:  So, under the plea agreement that you're

3     entering, both of you are retaining all of your appellate

4     rights?

5          THE DEFENDANT:  Yeah.

6          THE COURT:  Okay?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Now, I'm going to go over -- did Mr.

9     Lees sign an Acknowledgment of Rights form?

10         MR. McGOVERN:  I don't think we have, your Honor.

11         THE COURT:  All right.  Let me go over some

12    constitutional rights that you're giving up by pleading

13    guilty.  All right?

14         THE DEFENDANT:  Yes.

15         THE COURT:  And I just want to make sure you

16    understand them all.

17         First, you're presumed innocent.  As you sit here

18    today in this courtroom, everyone in our society, including

19    me, presumes that you're innocent.  By pleading guilty,

20    you're giving up that presumption of innocence and you're

21    admitting your guilt.  Do you understand that?

22         THE DEFENDANT:  Yes.

23         THE COURT:  All right.  Do you also understand that

24    you have a right to the assistance of a lawyer at every stage

25    of the proceeding, including before trial, during trial and

1  after trial, and for any appeals to any higher courts after I

2  sentence you?  And, if you can't afford a lawyer, one will be

3  appointed for you free of charge.  All right.

4  Do you understand that you have a right to plead not

5  guilty and persist in that plea and have your case tried by a

6  jury of 12 people or by a judge sitting alone?

7  THE DEFENDANT:  Yes.

8  THE COURT:  And, by pleading guilty, you're giving

9  up the right to a jury trial?

10  THE DEFENDANT:  Yeah.

11  THE COURT:  And I also wanted to ask you, do you

12  understand you have a right to have your case heard by a

13  District Court Judge, I'm a Magistrate Judge.  So you could

14  have a District Court Judge hear your plea or hear your trial

15  and you don't have to agree to proceed before me.  By

16  pleading guilty today, you're agreeing to have me handle your

17  case.

18  THE DEFENDANT:  Okay, yes.

19  THE COURT:  Okay?

20  MR. McGOVERN:  Your Honor, for the record, we have

21  filed a consent to proceed before your Honor as well, my

22  client is aware of that.

23  THE COURT:  Okay, thank you.

24  Do you understand you have a right to have a jury of

25  your peers drawn from the residents of this district and Mr.

1    McGovern would help you in selecting a jury --

2              THE DEFENDANT:  Yes.

3              THE COURT:  -- and, by pleading guilty, you're

4    giving up that right?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Do you understand that in order to find

7    you guilty a jury would have to be unanimous, that is all 12

8    jurors would have to agree that the Government has proven

9    each and every element of the offense charged beyond a

10   reasonable doubt, which is the highest burden in the law, and

11   you're giving up your right to have a jury -- a unanimous

12   jury verdict?

13             THE DEFENDANT:  Yes.

14             THE COURT:  All right.  Do you understand that you

15   could obtain a subpoena or court order to make witnesses come

16   to court and testify on your behalf?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Do you understand that if you're found

19   guilty you could appeal such a finding of guilt to a higher

20   court, which could set aside or modify the finding of guilt,

21   or order that I give you a new trial?

22             THE DEFENDANT:  Yes.

23             THE COURT:  And, by pleading guilty, you won't be

24   able to contest your guilt to a higher court.

25             Do you understand that at a trial you would have the

1  right to confront and cross-examine witnesses?  That is,

2  you'd have the right to sit here and face your accuser, and

3  have Mr. McGovern cross-examine him or her and challenge

4  their version of what you did and, by pleading guilty, you're

5  giving that up?

6         THE DEFENDANT:  Understood.

7         THE COURT:  Okay.  Do you understand that at a trial

8  you don't have to testify or take the witness if you don't

9  want to?

10         THE DEFENDANT:  Yes.

11         THE COURT:  Do you understand that no one can force

12  you to do that and if you didn't take the witness stand Ms.

13  Taylor, the prosecutor, could not comment on that or ask the

14  jury to draw a negative inference from your failure to

15  testify?

16         THE DEFENDANT:  Okay.

17         THE COURT:  All right?

18         THE DEFENDANT:  Mm-hmm.

19         THE COURT:  Do you understand that by entering this

20  guilty plea there will be no trial and you're giving up all

21  the rights that I just told you about in admitting that you

22  are in fact guilty of this offense?

23         THE DEFENDANT:  Yes.

24         THE COURT:  All right.  Now, in order to prove you

25  guilty, the Government would have to prove that you violated

1   Title 21 of the United States Code Section 846, which is
2   attempted possession of Oxycodone.  And there's two things
3   they have to prove and I want you to listen very carefully,
4   I'm going to go over them with you.  First is they would have
5   to prove that you intended to commit the crime of illegally
6   possessing a controlled substance, in this case a mixture or
7   substance containing a detectable amount of Oxycodone; and,
8   second, that thereafter you did some act constituting a
9   substantial step towards the commission of that crime which
10  strongly corroborates your criminal intent.  So that's what
11  they would have to -- the legal test they would have to meet
12  to convict you.

13         Now, what I'm going to do now is I'm going to ask
14  Ms. Taylor to summarize the evidence the Government would
15  offer against you.  And I want you to listen carefully
16  because I'm going to ask you if you did everything she said
17  and, if you didn't do what she says, then I want you to tell
18  me, because you shouldn't be pleading guilty.  All right?
19  So, if she says something that you think is wrong, you need
20  to speak to Mr. McGovern and tell me that, because I don't
21  want you to admit to anything you didn't do.  Okay?

22         THE DEFENDANT:  Okay.

23         THE COURT:  All right.  Go ahead, Ms. Taylor.

24         MS. TAYLOR:  Thank you, your Honor.

25         If this case were to proceed to trial, the

1    Government would introduce evidence through witnesses and

2    documentary exhibits which would establish the following

3    facts:  On September 9th, 2011, the Defendant did meet with

4    an individual cooperating with the Government outside the

5    Boeing Federal Credit Union on the Boeing Company's Ridley

6    Park, Pennsylvania campus.  There the Defendant did buy five

7    placebo Oxycontin 40 milligram tablets from the cooperating

8    individual for $100.

9         THE COURT:  All right.  And do you fully admit, Mr.

10   Lees, that you did all the things Ms. Taylor says?

11        THE DEFENDANT:  Excuse me, Judge.

12        THE COURT:  Yeah, sure.

13        (Discussion held off the record.)

14        THE DEFENDANT:  Yes, sir.

15        THE COURT:  Okay.  Is that in fact what you did?

16        THE DEFENDANT:  Yep.

17        THE COURT:  Okay.  Any problems with it?

18        THE DEFENDANT:  No.

19        THE COURT:  Okay.  All right.  You now want to

20   change your plea to guilty?

21        THE DEFENDANT:  Yes, sir.

22        THE COURT:  Okay.  Because previously you've pleaded

23   not guilty?

24        MR. McGOVERN:  Yes, your Honor, that was at the

25   first listing, yes.

1          THE COURT:  At the arraignment.  All right, if you
2   could please stand, sir, we'll accept your guilty plea.
3          THE DEPUTY CLERK:  Thomas Alfred Lees, you've been
4   charged in Information Number 11-576, violation of 21 U.S.C.
5   Section 846, attempted possession of Oxycodone; how do you
6   plead, guilty or not guilty?
7          THE DEFENDANT:  Guilty.
8          THE DEPUTY CLERK:  Okay, thank you.
9          THE COURT:  All right, sir, you can be seated.
10  Thank you.
11         THE DEFENDANT:  Thank you.
12         THE COURT:  I accept your guilty plea and I'm going
13  to make the following findings:  I'm going to find that
14  you're fully alert, competent and capable of entering an
15  informed plea; that your plea is knowing and voluntary and
16  it's supposed by an independent basis in fact containing each
17  of the essential elements of the offense charged; and that
18  your plea of guilty is therefore accepted and you're now
19  adjudged guilty of the offense charged in the information.
20         I'm going to prepare -- have the Probation Office
21  prepare a presentence report.  What I'd like you to do is
22  cooperate with them, because they're going to prepare a
23  report for me that gives me a fuller picture of your life and
24  your situation, because we've just met.  And so I'm going to
25  have to impose sentence and, in order to help me do that, I

1  need to get information about your background, your family --
2  is that your wife with you?
3          THE DEFENDANT:  Yes, Teresa.
4          THE COURT:  All right.
5          MR. McGOVERN:  And this Teresa Lees right behind me.
6          THE COURT:  Thanks for coming, ma'am.
7          MRS. LEES:  Thank you.
8          THE COURT:  And so I need a fuller picture of you.
9  So Mr. McGovern can be with you when the Probation Officer
10  speaks to you, but they're going to be gathering all this
11  information.  You're probably wondering why do they have to
12  know all this, but it helps me get a fuller understanding of
13  what your life has been like and what you've facing.  All
14  right?
15          If you have any objections to the report that they
16  file -- you'll be able to read it -- I want you to sit down
17  with the Probation Officer and with Mr. McGovern and try to
18  resolve the objections.  And, if not, you can make the
19  objections with me and I'll rule on them.  And the Government
20  will also be able to make any objections they deem
21  appropriate to the Court.
22          THE DEFENDANT:  Okay.
23          THE COURT:  Now, I got a report from Pretrial
24  Services saying that you've been doing wonderfully while
25  you're on pretrial release.  So you got a good report card

1   from them.

2           THE DEFENDANT:  Good.

3           THE COURT:  All right?  And, unless there's an

4   objection, I'll continue the bail conditions that were set by

5   Judge Rufe.

6           MS. TAYLOR:  No objection.

7           MR. McGOVERN:  Thank you.

8           THE DEFENDANT:  Thank you.

9           THE COURT:  All right.  Now, I do want to ask you,

10  are you getting all the assistance you need?  Like, for

11  example, is there any counseling or treatment or things like

12  that that you believe Pretrial Services could be giving?

13  Because I'll order it, if you want me to.

14          THE DEFENDANT:  No, Teresa and I seem to be fine,

15  pretty stable, considering the downside of the without the

16  job and things.  But we're fine, thank you.

17          THE COURT:  Okay.  Are you working?

18          THE DEFENDANT:  Not -- no.

19          THE COURT:  Okay.

20          THE DEFENDANT:  Not right now.

21          THE COURT:  Okay.  Now, are you getting any medical

22  assist --

23          THE DEFENDANT:  Fortunately, Boeing -- sorry, excuse

24  me.  Fortunately, Boeing has retained us on the insurance

25  rolls, we're lucky to have the insurance still.  And that

1  brings up a point you said of -- well, I guess it's old news
2  now, but we're innocent until proven guilty, on the innocent
3  plea they were keeping us in insurance, but will this -- do
4  you think this will change their --
5           THE COURT:  You know, I don't know, I can't -- I
6  don't know what their policy is.
7           MR. McGOVERN:  I'll have to follow up with Boeing
8  and try to find out.
9           THE COURT:  Yeah --
10          THE DEFENDANT:  Yeah.
11          THE COURT:  -- exactly.
12          THE DEFENDANT:  Okay.  But, sir, thank you for the
13  offer and things, Judge Rice.  We seem to be stable and we're
14  doing pretty good.  Thank you.
15          THE COURT:  Okay.  Because if you need any
16  assistance, because I know some people have struggled with
17  this --
18          THE DEFENDANT:  Oh, I feel very low at times with
19  this -- you know, the whole -- your livelihood, your job for
20  26 years, and it is a daily struggle.
21          THE COURT:  Right.
22          THE DEFENDANT:  Yeah.
23          THE COURT:  But even with the addiction to
24  Oxycodone.
25          MR. McGOVERN:  Well, my client didn't have an

1    addiction to Oxycodone.

2            THE COURT:  Okay.  All right.

3            MR. McGOVERN:  He just attempted to buy five pills

4    that day --

5            THE COURT:  Okay.

6            MR. McGOVERN:  -- but there was no addiction.

7            THE COURT:  All right.  Well, most people that buy

8    the pills usually --

9            MR. McGOVERN:  Yeah, well, it wasn't -- I've been

10   working with my client for some time and it was a bad day.

11           THE COURT:  Okay.

12           MR. McGOVERN:  Literally.

13           THE COURT:  Okay.  All right, good.  So you -- I

14   know a lot of your colleagues have had some issues struggling

15   with treatment and things like that.

16           THE DEFENDANT:  Wow, I wouldn't doubt it.

17           THE COURT:  Yes.

18           THE DEFENDANT:  It's very depressing lately, but --

19           THE COURT:  Okay.  So it sounds like you've got

20   everything under control.

21           THE DEFENDANT:  Yes, sir.

22           THE COURT:  And I'm sure your wife has a long list

23   of things she needs you to do around the house.

24           (Laughter.)

25           THE DEFENDANT:  Oh, yeah.

1      THE COURT:  Now, I believe -- we've checked this

2  date with Mr. McGovern and Ms. Taylor -- November 1st for

3  sentencing at 10:00 a.m.?

4          MR. McGOVERN:  I believe that was the date.

5          (Pause.)

6          MR. McGOVERN:  Yes --

7          THE COURT:  Okay.

8          MR. McGOVERN:  -- your Honor, that was the date.

9          THE COURT:  Does that date work for you and your

10  wife, Mr. Lees?

11          THE DEFENDANT:  This coming November 1st?

12          THE COURT:  Yes.

13          THE DEFENDANT:  I don't think there's anything on

14  the calendar, I'm sure, yeah.

15          THE COURT:  Okay.

16          THE DEFENDANT:  That would be fine.

17          THE COURT:  Okay, excellent.  So I'll see you

18  November 1st.  And before we do the sentencing we'll address

19  the motion and I'll have the Government prepare -- Ms.

20  Taylor, could you tell Ms. Lunkenheimer and Ms. Taylor to be

21  prepared to present any testimony they have against Mr. Lees

22  at the time of sentencing?

23          MS. TAYLOR:  Yes, your Honor.

24          THE COURT:  Unless you guys work something out.  If

25  you need more time, we can do it on a different day before

1  November 1st.

2          MR. McGOVERN:  Okay.

3          THE COURT:  So if you and Ms. Lunkenheimer decide

4  you want to --

5          MR. McGOVERN:  I'll speak to Ms. Taylor and Faithe

6  Moore Taylor --

7          THE COURT:  Great.

8          MR. McGOVERN:  -- and Ashley and we'll see if we can

9  get that resolved.

10         THE COURT:  If any of you -- we're having a hearing

11  tomorrow in Courtroom 16B at 9:30, if you want to attend, Mr.

12  Lees, you're welcome to, just to -- otherwise we'll get you a

13  transcript of the proceeding.

14         MR. McGOVERN:  Thank you, your Honor.  I'll just

15  make a note of that.  That will be 16B --

16         THE COURT:  16B.

17         MR. McGOVERN:  -- at 9:30 tomorrow?

18         THE COURT:  Yes.

19         THE DEFENDANT:  And this is where the group of --

20  the group of the Boeing guys, you said?

21         THE COURT:  Yeah, all the Boeing guys who have filed

22  similar motions that you're going to be filing seeking pre --

23  what do you call it, prejudgment --

24         MR. McGOVERN:  Prejudgment -- prejudgment probation.

25         THE COURT:  Prejudgment probation, they're going to

1    be presenting evidence about whether that provision should be

2    applied to your cases.

3         MR. McGOVERN:  And as we can tell by the topic, it's

4    something that's kind of unusual.  But it's there for a

5    reason, so I think that's why we're pursuing it.

6         THE COURT:  Okay, excellent.

7         THE DEFENDANT:  I have one other --

8         THE COURT:  Anything else?

9         THE DEFENDANT:  -- one other question.

10        THE COURT:  Yes?  You can be seated.

11        THE DEFENDANT:  Sorry, sorry.

12        (Discussion held off the record.)

13        MR. McGOVERN:  My client was asking, he should

14   continue with Pretrial Services --

15        THE COURT:  Yes.

16        MR. McGOVERN:  -- during this?  Yes.

17        THE DEFENDANT:  Okay.

18        THE COURT:  Definitely.

19        THE DEFENDANT:  All right, thanks.

20        THE COURT:  Definitely.  And you have a great

21   performance record with them, so keep that up.

22        THE DEFENDANT:  All right, thank you.

23        THE COURT:  Okay.  Anything else?

24        MS. TAYLOR:  No, your Honor.

25        THE COURT:  All right.  It's good to see all of you.

1  Mr. McGovern, great to see you again.

2          MR. McGOVERN:  Great to see you too, your Honor.

3  Thank you.

4          THE COURT:  Good to see you, Mr. Lees.  Mrs. Lees,

5  thank you for coming.

6          MS. TAYLOR:  Thank you, your Honor.

7          THE COURT:  All right.  Thank you.

8          MR. McGOVERN:  Have a great day, your Honor.

9          THE COURT:  All right, you too.

10          (Hearing adjourned at 11:23 o'clock a.m.)

11                              * * *

<u>CERTIFICATION</u>

      I hereby certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

s:/Geraldine C. Laws, CET         Dated 10/3/12
Laws Transcription Service